IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DERRICK COLEMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 06 C 2135 |
| | ) |
| JOLIET JUNIOR COLLEGE and | ) Wayne R. Andersen |
| EDWARD SENU-OKE | ) District Judge |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM, OPINION AND ORDER

Derrick Coleman ("Plaintiff") has filed an eight-count complaint against Joliet Junior College ("JJC") and Edward Senu-Oke ("Defendants") alleging violations of Title VII of the Civil Rights Act of 1991 and Section 1981 of the Civil Rights Act of 1966, as well as state law claims of negligent supervision/retention, defamation per se, and intentional infliction of emotional distress ("IIED"). Before us is Defendants' motion to dismiss the Section 1981 claims (Counts IV and V) and the state law claims (Counts VI, VII, VIII). Defendants also move to strike Plaintiff's request for punitive and exemplary damages. For the following reasons, Defendants' motion is granted in part and denied in part. Defendants' motion to strike the punitive and exemplary damages is granted.

## Background

We take, as we must, the following facts from Plaintiff's complaint. Coleman is an African American male and he was employed with JJC as an adjunct professor in the Social and Behavioral Sciences Department. Senu-Oke is an Afrikaan male who was also employed at JJC

in a supervisory role over Plaintiff. Plaintiff alleges that he and other African-American employees were treated differently than similarly situated non African-American employees and that he was subjected to a pattern of racial and gender discrimination. Specifically, Plaintiff claims he was subjected to offensive slurs and comments, was monitored without cause, was intimidated, pressured to wrongfully change white student's grades, was wrongfully reassigned and removed from teaching some classes, and was unjustifiably discharged. (Compl. at ¶ 14.) Plaintiff states he complained to supervisors, but his concerns were not addressed. Plaintiff claims he was ultimately discharged because of his race and/or national origin and in retaliation for complaining about his treatment.

## Legal Standard

A motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) tests whether the plaintiff has stated a claim, not whether the plaintiff will prevail on the merits. *Scheur v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974). In ruling on a motion to dismiss, the Court must assume all facts in the complaint to be true, construe the allegations liberally, and view the allegations in a light most favorable to the plaintiff. *Caremark, Inc., v. Coram Healthcare Corp.*, 113 F.3d 645, 648 (7th Cir. 1997). The Court may dismiss a complaint for failure to state a claim under Rule 12(b)(6) only if it is clear that no relief could be granted under any set of facts consistent with the allegations. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229 (1984).

## Discussion

Defendants argue that Plaintiff's negligent supervision/retention, defamation per se, and IIED claims should all fail because they are preempted by the Illinois Human Rights Act

("IHRA"), 775 ILCS 5/1-101, *et seq*. The IHRA vests the Illinois Human Rights Commission with exclusive jurisdiction over "alleged civil rights violation[s]." 775 ILL. COMP. STAT. 5/8-111(C) ("No court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act.") An employer commits a civil rights violation when, among other things, it discharges an employee "on the basis of unlawful discrimination," which includes "discrimination against a person because of his . . . national origin or race." 775 ILL. COMP. STAT. 5/2-102(A), 5/6-101(A); 775 ILL. COMP. STAT. 5/1-102(A); 775 ILL. COMP. STAT. 5/1-103(Q).

The IHRA preempts state law claims that are "inextricably linked" to those claims for civil rights violations. *Maksimovic v. Tsogalis*, 177 Ill. 2d 511, 515 (Ill. Ct. Appl. 1997); *Krocka v. City of Chicago*, 203 F.3d 507, 516 (2000) (citing *Geise v. Phoenix Co. of Chicago, Inc.*, 159 Ill.2d 507, 514-15, 639 N.E.2d 1273 (1994)). A federal court has no jurisdiction to adjudicate a claim that, in essence, seeks the same redress a plaintiff could seek in a claim for a civil rights violation pursuant to the IHRA. *Krocka v. City of Chicago*, 203 F. 3d 507, 516 (7th Cir. 2000); *Maksimovic*, 177 Ill. 2d at 515.

However, as the Illinois Supreme Court expressly found, "a common law tort claim is not inextricably linked with a civil rights violation [if] a plaintiff can establish the necessary elements of the tort independent of any legal duties created by the Illinois Human Rights Act." *Maksimovic*, 177 Ill. 2d at 518. In other words, "if the conduct would be actionable even aside from its character as a civil rights violation because the IHRA did not 'furnish[] the legal duty that the defendant was alleged to have breached,' the IHRA does not preempt a state law claim." *Krocka v. City of Chicago*, 203 F.3d 507, 516-517 (7th Cir. 2000) (quoting *Maksimovic*, 177 Ill.2d at 515.) Facts are "inextricably linked" if there is no foundation for the tort without

3

reference to the civil rights violation. *Westphal v. City of Chicago*, 8 F. Supp. 2d 809, 812 (N.D. Ill.1998). A state tort law claim is not "inextricably linked" to the IHRA, however, if the defendant can sufficiently plead the elements of the tort claim without relying on the legal duties that arise under the civil rights protected by the IHRA. *Krocka*, 203 F.3d at 517; *See, e.g., Jaslowski v. Cello P'ship*, No. 02-3601, 2002 WL 31085092, at *3–*4 (N.D. Ill. Sept. 17, 2002)(stating a common law tort is not preempted where plaintiff raises an independent cause of action that does not depend solely on allegations of [] harassment.)

Plaintiff asserts that Senu-Oke's vulgar and offensive comments about Plaintiff is defamation per se. A statement is considered defamatory per se if, among other things, it cause harm to one's reputation in the "eyes of the community." *Bryson v. News Am. Publs.*, 174 Ill. 2d 77, 88 (Ill., 1996). For example, a statement that imputes one's ability to perform in his duties or employment or imputes a lack of ability in his or her trade, profession, or business is considered to harm one's reputation. *Van Horne v. Muller*, 705 N.E.2d 898, 903 (Ill. 1999). Plaintiff specifically notes that Senu-Oke's statements that Plaintiff was trying to date white, female students prevented him from being able to perform his job and caused his loss of benefits and injury to his reputation. Taken together with the civil rights claim, this statement may imply a cause of action under defamation per se. However, such a statement, alone, does not reflect a perceived general lack of ability to perform a job in a particular setting and wanting to date someone of a particular race and gender does not impute a lack of performance or a general lack of work ethic. Plaintiff must rely on his discrimination and unlawful discharge claims in order to shed light onto why Senu-Oke's statements may be actionable.

Similarly, in his negligent supervision/retention claim, Plaintiff asserts that Defendants had a duty to ensure Plaintiff's working environment was free from racial harassment and

4

discrimination and JJC violated this by continuing to employee Senu-Oke after he allegedly harassed Plaintiff. Plaintiff contends that JJC had knowledge of Senu-Oke's conduct but failed to take action and as a result he has suffered financial damages. Plaintiff states Senu-Oke's "patterned behavior" was well documented and that the negligent supervision/retention claim can stand alone and therefore is not preempted. We disagree. Plaintiff's negligent supervision/retention is based only on the very allegations that support his Title VII claim. He does not offer any new action or facts that allow us to conclude there may be some independent basis that JJC is liable for negligent supervision/retention.

In the same vein, Plaintiff's IIED claim is wholly supported by his federal claims. In his IIED claim, Plaintiff generally "reasserts the [preceding] allegations" which include his Title VII Claims, his 1981 claims, his defamation per se claim, and his negligent supervision/retention claim. He states Defendants' conduct was extreme and outrageous and caused him severe distress and financial damages. Defendants argue that this claim is inextricably linked to those claims covered by the IHRA because Plaintiff has not alleged a violation of any duty imposed upon JJC that is outside the duties covered by the IHRA. Plaintiff contends that this claim is not preempted because under the federal notice pleading standard, his allegations are sufficient. However, here too, Plaintiff offers no independent basis to support his IIED claim. Therefore, Plaintiff's defamation per se, negligent retention/supervision and the IIED claims are all inextricably linked to Plaintiff's Title VII claims and, thus, Defendants' motion to dismiss those claims is granted.

Defendants also contend that Plaintiff's Section 1981 claims should be dismissed because Plaintiff has not sufficiently pled that an official policy and custom violated Plaintiff's rights. However, Plaintiff's 1981 claims are based upon Defendants' alleged hostile work environment

and retaliation that interfered with his work performance, not upon a 1981 policy or Monell claim. In the hostile work environment/retaliation context, Section 1981 prohibits racial discrimination in "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981 (a)-(b). Liability under 1981 requires proof of intentional discrimination. *Morris v. Office Max, Inc.*, 89 F.3d 411, 413 (7th Cir. 1996) (section 1981); *Phillips v. Hunter Trials Comm. Org.*, 685 F.2d 184, 187 (7th Cir. (1982) (section 1982). To state a section 1981 claim, plaintiff must allege that: "(1) [he is a] member[] of a racial minority; (2) the defendant had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute." *Morris v. Office Max, Inc.*, 89 F.3d 411, 413 (7th Cir. 1996). In the § 1981 context, at-will employees may seek relief for violations of the employee's protections and rights. *Walker v. Abbott Labs*, 340 F.3d 471, 476 (7th Cir 2005)(noting that "excluding at-will employees from § 1981 protection 'would be to allow use of the ubiquitous at-will doctrine as leverage to incite violations of our state and federal laws.'"); *Fadeyi v. Planned Parenthood Ass'n of Lubbock, Inc.*, 160 F.3d 1048, 1052 (5th Cir. 1998)(citation omitted). In light of Congress' "inclusive intentions" the Seventh Circuit states that because most employees work on an at-will basis, it is sensible to make § 1981 protections available to them just as they are available to contract employees. *Id.*

Although Plaintiff has not alleged whether he was under contract or at-will with JJC, he, nevertheless, is entitled to assert a Section 1981 claim. Plaintiff is African-American and he asserts that Defendant has intentionally discriminated against him because of his race. Plaintiff has sufficiently alleged a Section 1981 claim and thus, Defendants' motion to dismiss Plaintiff's 1981 claims is denied.

Finally, under his IIED claim, Plaintiff seeks punitive damages against Defendants. (Comp. ¶ 88.) Defendants state that under 745 ILSC 2-102, Plaintiff may not properly have a claim for punitive or exemplary damages in an IIED claim. We agree, punitive damages are not available for claims of intentional infliction of emotional distress under Illinois law. *See, e.g., Hawkins v. Mathus*, 1999 U.S. Dist. LE16335, No. 99 C 901, 1999 WL 966128, at *4 (N.D. Ill. Oct. 8, 1999) ("Illinois law precludes an award of punitive damages for intentional infliction of emotional distress."); *Knierim v. Izzo*, 22 Ill. 2d 73, 88 (1961) (holding that a claim for intentional infliction of emotional distress does not provide for punitive damages). As such, the court will strike Plaintiff's claim for punitive damages in Count VIII.

## Conclusion

For the foregoing reasons, Defendants motion to dismiss [11] is granted in part and denied in part. Counts VI, VII, and VIII, the negligent supervision/retention, defamation per se, and IIED claims, are dismissed because they are preempted by the IHRA. Defendants' motion to dismiss Counts IV and V, the 1981 discrimination and retaliation claims, is denied. Defendants' motion to strike Plaintiff's punitive or exemplary damages on his IIED claim is also granted.

It is so ordered.

_____
Wayne R. Andersen
United States District Judge

Dated: December 4, 2006